## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **JOSE IRAHETA** §<br>§<br>**PLAINTIFF,** §<br>§<br>**V.** §<br>§<br>**LINEBARGER GOGGAN BLAIR &** §<br>**SAMPSON LLP, JOHN DOE 1 & 2** §<br>(unknown persons, Linebarger Goggan Blair & §<br>Sampson LLP's partners), **JOHN DOE 3 – 9** §<br>(unknown persons, employees of Linebarger §<br>Goggan Blair & Sampson LLP),  **ROBERT** §<br>**CORTEZ, LEAH STOLAR,  PANKAJ** §<br>**PARMAR, HARRIS COUNTY, JOHN DOE** §<br>**10 - 13** (unknown persons, employees of Harris §<br>County Tax Office and/or Harris County), §<br>**CYPRESS-FAIRBANKS INDEPENDENT** §<br>**SCHOOL DISTRICT;** §<br>**ELISA HAND, JOHN DOE 14 - 15** (unknown §<br>persons, employees of Cypress-Fairbanks §<br>Independent School District); and §<br>**CORELOGIC INC., f/k/a FIRST** §<br>**AMERICAN REAL ESTATE TAX** §<br>**SERVICE LLC** §<br>§<br>**DEFENDANTS.** § | **CAUSE No.** 5:14 cv413 CAR |

### PLAINTIFF'S ORIGINAL COMPLAINT

**COMES  NOW**  above  named  Plaintiff,  complaining  of  and  about  **LINEBARGER**

**GOGGAN  BLAIR  &  SAMPSON  LLP**,  in  its  individual  capacity  and  official  capacity  as

contractor and/or agent for Harris County, Montgomery County, the Harris County Education

Department, the Port of Houston Authority of Harris County, the Harris County Flood Control

District, the Harris County Hospital District, the City of Houston, the Houston Community

College System, the Houston Independent School District, and Cypress-Fairbanks Independent

School District; **JOHN DOE 1 & 2** (unknown Linebarger Goggan Blair & Sampson LLP's partners), in their individual capacity and official capacity as contractor and/or agent for Harris County, Montgomery County, the Harris County Education Department, the Port of Houston Authority of Harris County, the Harris County Flood Control District, the Harris County Hospital District, the City of Houston, the Houston Community College System, the Houston Independent School District, and/or Cypress-Fairbanks Independent School District; **JOHN DOE 3 – 9** (unknown Linebarger Goggan Blair & Sampson LLP's employees), in their individual capacity and official capacity as contractor and/or agent for Harris County, Montgomery County, the Harris County Education Department, the Port of Houston Authority of Harris County, the Harris County Flood Control District, the Harris County Hospital District, the City of Houston, the Houston Community College System, the Houston Independent School District, and Cypress-Fairbanks Independent School District; **ROBERT CORTEZ** in his individual capacity and official capacity as contractor and/or agent for Harris County, Montgomery County, the Harris County Education Department, the Port of Houston Authority of Harris County, the Harris County Flood Control District, the Harris County Hospital District, the City of Houston, the Houston Community College System, the Houston Independent School District, and/or Cypress-Fairbanks Independent School District;   **LEAH STOLAR** in her individual capacity and official capacity as contractor and/or agent for Harris County, Montgomery County, the Harris County Education Department, the Port of Houston Authority of Harris County, the Harris County Flood Control District, the Harris County Hospital District, the City of Houston, the Houston Community College System, the Houston Independent School District, and/or Cypress-Fairbanks Independent School District; **PANKAJ PARMAR** in his individual capacity and official capacity as contractor and/or agent for Harris County, the Harris

County Education Department, the Port of Houston Authority of Harris County, the Harris County Flood Control District, the Harris County Hospital District, the City of Houston, the Houston Community College System, and the Houston Independent School District; collectively referred to as the "Linebarger Defendants".   **HARRIS COUNTY**; **JOHN DOE 10 - 13** (unknown persons, employees of Harris County Tax Office and/or Harris County); collectively referred to as the "Harris County Defendants". **CYPRESS-FAIRBANKS INDEPENDENT SCHOOL DISTRICT;  ELISA HAND** in her individual capacity and official capacity as Tax Assessor/Collector for, and/or employee of, Cypress-Fairbanks Independent School District; **JOHN DOE 14 - 15** (unknown persons, in their individual capacity and official capacity as employees of Cypress-Fairbanks Independent School District); collectively referred to as the "CFISD Defendants".   The Linebarger Defendants, Harris County Defendants, and CFISD Defendants are collectively hereinafter referred to as "SCRA Defendants"; and **CORELOGIC INC., F/K/A FIRST AMERICAN REAL ESTATE TAX SERVICE LLC**; and for cause of action I show unto the Court the following:

## I.  PARTIES AND SERVICE

1.      I currently reside, and work, in Houston County, Georgia.

2.      Defendant, **Linebarger Goggan, Blair & Sampson L.L.P.** ("**Linebarger**") is a foreign Limited Liability Partnership conducting business in the State of Georgia and may be served with process by serving its registered agent for service of process NATIONAL REGISTERED AGENTS INC, 1201 PEACHTREE STREET N.E., Suite 1240, Atlanta, GA 30361.

3.      Defendant **Robert Cortez** ("**Mr. Cortez**") is a Texas resident.  Pursuant to Texas Rules of Civil Procedure, Rule 103, "Service by registered or certified mail…must, if requested,

be made by the clerk of the court in which the case is pending". I kindly requests the Clerk of this Court serve Defendant Robert Cortez, by certified mail. Defendant Robert Cortez may be served with process at 4828 LOOP CENTRAL DRIVE, SUITE 600, HOUSTON, TEXAS 77081.

4.      Defendant **Pankaj Parmar** ("**Mr. Parmar**") is a Texas resident. Pursuant to Texas Rules of Civil Procedure, Rule 103, "Service by registered or certified mail...must, if requested, be made by the clerk of the court in which the case is pending". I kindly requests the Clerk of this Court serve Defendant Pankaj Parmar, by certified mail. Defendant Pankaj Parmar may be served with process at 506 WELLINGTON POINT, HOUSTON, TX 77094.

5.      Defendant **Leah Stolar** ("**Ms. Stolar**") is a resident of Texas. Pursuant to Texas Rules of Civil Procedure, Rule 103, "Service by registered or certified mail...must, if requested, be made by the clerk of the court in which the case is pending". I kindly requests the Clerk of this Court serve Defendant Leah Stolar, by certified mail. Defendant Leah Stolar may be served with process at 2904 SAINT STREET, HOUSTON, TEXAS 77027.

6.      Defendant **Harris County** is a governmental unit, duly formed and existing under the laws of the State of Texas. Pursuant to Texas Rules of Civil Procedure, Rule 103, "Service by registered or certified mail...must, if requested, be made by the clerk of the court in which the case is pending". I kindly requests the Clerk of this Court serve Defendant Harris County, by certified mail. Defendant Harris County may be served with process by serving Harris County Judge Edward M. Emmett, 1001 PRESTON STREET, SUITE 911, HOUSTON, TEXAS 77002.

7.      Defendant **Cypress-Fairbanks Independent School District** ("**CFISD**") is a governmental unit, duly formed and existing under the laws of the State of Texas. Pursuant to Texas Rules of Civil Procedure, Rule 103, "Service by registered or certified mail...must, if

requested, be made by the clerk of the court in which the case is pending". I kindly request the Clerk of this Court serve Defendant Cypress-Fairbanks Independent School District, by certified mail. Defendant Cypress-Fairbanks Independent School District may be served with process by serving Dr. Mark Henry, Ed.D., Superintendent, at 10300 JONES ROAD, HOUSTON, TEXAS 77065.

8.     Defendant **Elisa Hand ("Ms. Hand")** is a Texas resident. Pursuant to Texas Rules of Civil Procedure, Rule 103, "Service by registered or certified mail…must, if requested, be made by the clerk of the court in which the case is pending". I kindly requests the Clerk of this Court serve Defendant Leah Stolar, by certified mail. Defendant Leah Stolar may be served with process at 1036 LA RUE STREET, HOUSTON, TEXAS 77019.

9.     Defendant **CoreLogic Inc., f/k/a First American Real Estate Tax Services LLC ("CoreLogic")** is a foreign corporation doing business in the state of Georgia and no service is requested at this time.

10.    Defendants **John Doe 1 & 2** (unknown persons, Linebarger Goggan Blair & Sampson LLP's partners, in their individual capacity and official capacity as agents for Harris County, Montgomery County, Houston Independent School District, and/or Cypress-Fairbanks Independent School District) upon information and belief are Texas residents, and no service is required at this time as their identity and location are unknown to Plaintiff.

11.    Defendants **John Doe 3 - 9** (unknown persons, employees of Linebarger Goggan Blair & Sampson LLP, in their individual capacity and official capacity as agents for Harris County, Montgomery County, Houston Independent School District, and/or Cypress-Fairbanks Independent School District) upon information and belief are Texas residents, and no service is required at this time as their identity and location are unknown to Plaintiff.

12.     Defendants **John Doe 10 – 12** (unknown persons, in their individual capacity and official capacity as Harris County employees) upon information and belief are Texas residents, and no service is required at this time as their identity and location are unknown to Plaintiff.

13.     Defendants **John Doe 13– 15** (unknown persons, in their individual capacity and official capacity as employees Cypress-Fairbanks Independent School District) upon information and belief are Texas residents, and no service is required at this time as their identity and location are unknown to Plaintiff.

## II. JURISDICTION AND VENUE

14.     This is an action over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

15.     The Court also has jurisdiction over the amount in controversy because the damages sought are within the jurisdictional limits of the Court.

16.     Venue is proper as CoreLogic Inc. and Linebarger conduct business in this District and many of the incidents complained of occurred while residing in Houston County, Georgia.

## III. FACTS

17.     I am a member of the United States Armed Forces, on continuous active duty service since January 18, 2003 (See Exhibit 1).

18.     Linebarger is a national collection law firm that claims to have "knowledge and familiarity of the federal, state, and local laws and regulations regarding collection work in all jurisdictions in which" Linebarger operates.  Federal laws such as the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. App. § 501, et seq., and state laws such as the Texas Property Tax Code ("Tax Code").  Linebarger is retained by, and under contract for the collection of

delinquent ad valorem taxes on behalf of various taxing units throughout the nation, to include Harris County, Montgomery County, the Harris County Education Department, the Port of Houston Authority of Harris County, the Harris County Flood Control District, the Harris County Hospital District, the Houston Community College System, the City of Houston, Houston Independent School District, and Cypress-Fairbanks Independent School District.

19.     As early as July 12, 2004, and at numerous other times, I gave various notices to SCRA Defendants that I was an active duty servicemember, that I was entitled to rights and waivers, and requested the same, pursuant to the SCRA and Tax Code.

20.     Upon information and belief Defendants', Linebarger and Harris County, records reflect an entry of "MR. IRAHETA SENT MILITARY PROP OWNER'S REQ FOR WAIVER OF DELQ PENALTY ON 07-12-2004 (832-541-3122). EFFECTIVE DUTY 01-18-2003" for Tax Account Number 119-890-001-0033, 033-129-097-0012, 035-081-021-040, and 035-081-021-042.

21.     Upon information and belief, SCRA Defendants had, or should have had, knowledge since July 12, 2004 that I am a member of the United States Armed Forces on active duty service, and of the military tax deferral status for Tax Account Number 119-890-001-0033, 033-129-097-0012, 035-081-021-040, and 035-081-021-042.

22.     Upon information and belief, Defendants Linebarger, Ms. Stolar, Mr. Cortez, were notified, by Defendant Harris County, in early May 2006, that I am a member of the United States Armed Forces, and of the military tax deferral status for Tax Account Number 119-890-001-0033, 033-129-097-0012, 035-081-021-040, and 035-081-021-042.

23.     Upon information and belief Defendants Ms. Hand and Linebarger had knowledge of my military prior to January 1, 2004 when Ms. Hand, as Tax Assessor/Collector

for HISD, and/or a Lineberger employee, received and processed, from me, a request addressed to HISD for military waiver of penalty and interest pursuant to Texas Property Tax Code § 31.02, et seq.

24.     Upon information and belief, on numerous occasions between July 12, 2004 and July 31, 2014 SCRA Defendants improperly added, billed, and/or collected, and/or sought to collect various penalty, fees, and interests amounts in violation of the SCRA § 561(d).

25.     Upon information and belief, Lineberger, Mr. Parmar, and Harris County, on April 30, 2007 and May 11, 2007, individually and collectively, caused the filing of a tax lawsuit, in gross violation of the Texas Property Tax Code § 31.02(d), and filed an Original Petition and First Amended Petition in Harris County, Texas, seeking to collect "penalties, interest, attorney's fees" and "abstractor's costs...in the following amount: $250.00", in gross violation of the SCRA § 561(d).

26.     Each instance, between January 1, 2004 and June 30, 2014, that SCRA defendants assessed, added, billed, and/or made a demand for payment of, penalty, interest, attorney's fees, abstractor's costs, and/or other fees or penalty, and/or filed suit to collect taxes for any tax year where notice of military service was given, SCRA Defendants acted without authority, outside of their statutory mandate, and on numerous occasions willfully, maliciously, and negligently violated the "rights, privileges, or immunities" afforded, and entitled, to me pursuant to the SCRA 561(d) and the Texas Property Tax Code § 31.02(d).

27.     At all times material to this lawsuit, Defendants Linbarger, Ms. Hand, Mr. Cortez, Mr. Parmar, Ms. Stolar, and John Doe 1 - 15 were contractors, agents, servants, officers, employees, and/or representatives of Defendants CFISD and Harris County, at the time of the occurrences made the basis of this lawsuit. Defendants Linbarger, Ms. Hand, Mr. Cortez, Mr.

Parmar, Ms. Stolar, and John Doe 1 - 15 were in the course and scope of their employment, and/or contractual relationship, and in the furtherance of their employer's operations and actions.

28.     At all times material to this lawsuit, Defendants CFISD and Harris County were acting individually and/or by and through their agents, servants, contractors, employees, and/or representatives.

29.     At all times material to this lawsuit, Defendants Linbarger, Mr. Cortez, Mr. Parmar, Ms. Stolar, Ms. Hand, and John Doe 1 – 15, acted in their official capacity as contractors, agents, servants, officers and/or representatives of Defendants CFISD and Harris County.

30.     At all times material to this lawsuit, Defendant Ms. Hand, upon information and belief, was the Tax Assessor-Collector for Defendant CFISD and/or a Linebarger employee.

31.     At all times material to this lawsuit, Defendants Mr. Cortez, Mr. Parmar, Ms. Stolar, John Doe 1 – 9, and upon information and belief also Ms. Hand, were acting individually and/or as servants, contractors, employees, and/or representatives of Linebarger.   Defendant Linebarger is liable for all negligent acts of Defendants Mr. Cortez, Mr. Parmar, Ms. Stolar, John Doe 1 – 9, and Ms. Hand under the doctrine of "respondeat superior".

32.     Each instance, and action by SCRA Defendants, resulting in a violation of my "rights, privileges, or immunities" pursuant to the SCRA 561(d) and the Tax Code § 31.02, is also a separate violation of Civil Rights Act, 42 U.S.C. § 1983.

### IV. VIOLATIONS OF SERVICEMEMBERS CIVIL RELIEF ACT, 50 U. S. C. App. § 561(d), AND TEXAS PROPERTY TAX CODE § 31.02

33.     The following correspondence and notices were sent by me to the indicated defendants concerning my "rights, privileges, or immunities" pursuant to the SCRA § 561(d) and/or the Texas Property Tax Code § 31.02:

A.      Letter, dated July 12, 2004, sent to Paul Bettencourt, Harris County Tax Assessor/Collector, providing "Military Property Owner's Request for Waiver of Delinquent Penalty and Interest" and "legal exemption entitled in according [sic] with the provisions of the Texas Property Tax Code § 31.02".

B.      Letter, dated July 12, 2004, sent to Harris County Appraisal District, providing "Military Property Owner's Request for Waiver of Delinquent Penalty and Interest" and "legal exemption entitled in according [sic] with the provisions of the Texas Property Tax Code § 31.02";

C.      Letter, dated July 12, 2004, sent to Houston ISD ("HISD"), providing "Military Property Owner's Request for Waiver of Delinquent Penalty and Interest" and "legal exemption entitled in according [sic] with the provisions of the Texas Property Tax Code § 31.02";

D.      Military Property Owner's Request for Waiver of Delinquent Penalty and Interest sent to the Harris County on March 21, 2005;

E.      Letter, March 31, 2005, sent to Linebarger, providing notification of active duty, asserting "my rights pursuant" to the SCRA and Tax Code, as well as providing notice of "counterclaim for SCRA and Tax Code violations."

F.      Letter, dated April 11, 2005, sent to HISD serving HISD "with another formal request for" Waiver of Delinquent Penalty and Interest" pursuant "the provision of the Texas Tax Code § 31.02;

G.      Letter, dated April 11, 2005, sent to Mr. Paul Bettencourt serving the Harris County "with another formal request for" Waiver of Delinquent Penalty and Interest" pursuant "the provision of the Texas Tax Code § 31.02;

H.     Letter, dated April 11, 2005, sent to Cypress-Fairbanks ISD Tax Office concerning correspondence received from Linebarger of "intent to foreclose or file a lien on my property" and requesting that they "code my account according to the rights duly entitled to me per" the Texas Tax Code § 31.02;

I.     Letter, dated April 11, 2005, sent to J.R. Moore, Jr., Montgomery County Tax Assesor-Collector, for Tax Account No. 00.8349.03.04500 giving notice of active duty service, asserting my rights pursuant to Texas Tax Code § 31.02, and requesting "credit, or refund, all penalties and interests paid...";

J.     Letter, March 31, 2006, sent to Linebarger, providing notification of active duty, asserting "my rights pursuant" to the SCRA and Tax Code, as well as providing notice of "counterclaim for SCRA and Tax Code violations."; and

K.     Facsimile, dated April 19, 2006, sent to Mrs. Irma Calvillo, Harris County Tax Office, with Subject: Military Exemption, in which I ask that the Harris County "correct the [sic] my account status to reflect the appropriate exemption code." Letter included Extended Active Duty Orders, Request and Authorization for Permanent Change of Station – Military, and Military Property Owner's Request for Waiver of Delinquent Penalty and Interest.

34.     Despite the fact that the SCRA Defendants had knowledge of, and had received numerous written and verbal notices of my active duty military service, to include 33A – 32K above, the SCRA Defendants threatened lawsuits, property foreclosures, and added to my accounts and demanded payment of penalties, interest, fees which are strictly prohibited by the SCRA. The SCRA is unequivocally clear, § 561(d) **"...An additional penalty or interest shall not be incurred by reason of nonpayment..."**, yet SCRA Defendants choose to ignore, on more than two dozen instances, willfully and maliciously violated the SCRA by undertaking the

following, not all inclusive, actions:

A.     Between June 2007 and June 2014, on at least a dozen separate instances, Defendant Harris County, sent correspondence seeking payment of "Penalty and Interest" at a "rate" up to "15%", in violation of SCRA § 561(d).

B.     On December 21, 2004, Linebarger sent me a notice "Delinquent Tax Warning" on behalf of CFISD and making a demand for delinquent ad valorem taxes and between $784.54 (if paid in "DECEMBER 2004") - $823.04 (if paid in "FEBRUARY 2005") in "Penalty & Interest" and "33.07/33.08 Fees", which amounts to 50%, of ad valorem taxes due, in penalty, interest, and fees.

C.     On March 16, 2005, Linebarger sent me a notice "URGENT CANDIDATE FOR LAWSUIT" on behalf of CFISD, stating that my "property has been targeted for lawsuit and is now subject to lien foreclosure", and making a demand for delinquent ad valorem taxes and between $842.79 (if paid in "MARCH 2005") - $882.3 (if paid in "MAY 2005") in "Penalty & Interest" and "33.07/33.08 Fees", which amounts to 52.96%, of ad valorem taxes due, in penalty, interest, and fees.

D.     On January 20, 2006, Linebarger sent me a notice "ENFORCEMENT OF TAX LIEN" on behalf of CFISD, stating that my "account is being considered for a lawsuit to enforce" a tax lien, and making a demand for delinquent ad valorem taxes and between $2,219.57 (if paid in "JANUARY 2006") - $2,317.08 (if paid in "MARCH 2006") in "Penalty & Interest" and "33.07/33.08 Fees", which amounts to 56.76%, of ad valorem taxes due, in penalty, interest, and fees.

E.     On March 15, 2006, Linebarger sent me a notice "URGENT CANDIDATE FOR LAWSUIT" on behalf of CFISD, (see Exhibit 2) stating that my "property

has been targeted for lawsuit and is now subject to lien foreclosure", and making a demand for delinquent ad valorem taxes and between $2,319.08 (if paid in "JANUARY 2006") - $2,414.57 (if paid in "MARCH 2006") in "Penalty & Interest" and "33.07/33.08 Fees", which amounts to 59.14%, of ad valorem taxes due, in penalty, interest, and fees.  Upon information and belief, Defendants Linebarger and/or CFISD also sent a copy of this correspondence threatening a lawsuit and lien foreclosure to Countrywide, who was the mortgagor of record at that time.

        F.        Upon information and belief, Harris County Defendants, Linebarger Defendants, and CFISD Defendants communicated with, and sought from, Countrywide Home Loans payments for "penalty & interest & attorney fees" levied against one of my tax accounts, said amounts were in violation of the SCRA § 561(d).  I talked to representatives from Countrywide, Linebarger, and Harris County Tax Office ("HCTO") on multiple occasions regarding the fact that I was on active duty, was stationed at Robins Air Force Base (Georgia), outside the state of Texas, had a military deferral, and no penalties, interest, or fees, were to be assessed.  Even though I communicated all those facts to SCRA Defendants, upon information and belief, a representative from Countrywide spoke via telephone with representatives from Defendants Corelogic, Linebarger, CFISD, and/or Harris County, who confirmed that the penalties, interest, and fees added to my account were correct, were due, and if not paid, Linebarger would file suit and foreclose on the property.  Consequently, on or about September 10, 2006, under duress of Linebarger's threat of lawsuit and lien foreclosure, Countrywide sent payments to Linebarger and/or CFISD & Harris County that included $2535.78 in "penalty & interest & attorney fees" illegally added to my account by CFISD and over $900 in penalties, interest, and fees illegally added to my account by the Harris County.  The nearly $3500 in ""penalty & interest & attorney fees" illegally added, billed, and collected by Defendants

Linebarger, Harris County, and CFISD grossly, willfully, and maliciously violated the SCRA §
561(d).

      G.     On May 16, 2006, Harris County sent me a notice of "Delinquent Tax
Statement" making a demand for delinquent ad valorem taxes and $365.66 (if paid in "DURING
MAY 2006") in "PENALTY & INTEREST", which amounts to 53.60%, of ad valorem taxes
due, in penalty, interest, and fees.

      H.     On July 16, 2006, Linebarger sent me a notice, on behalf of the
Montgomery Tax Office ("MTO"), (see Exhibit 3) stating that unless I paid "within **TEN** days"
the amount demanded, which includes penalty and interest, that I would be subject to
"foreclosure proceedings" to sell my "property to the highest bidder for cash", and that I would
be "required to pay all related costs, including attorney's fees, and in addition...penalty and
interest". Linebarger sent this notice demanding penalty, interest, and fees even despite the fact
that I had sent MTO a letter on April 11, 2005 giving notice of active duty service.

      I.     Finally, on April 30, 2007 and May 11, 2007, Defendants Mr. Parmar,
Linebarger, and Harris County caused a tax lawsuit to be filed by filing an Original Petition and
First Amended Petition. Despite the fact that they had received numerous notices (See paragraph
33 A – K above), and had knowledge of my active duty service since January 18, 2003, up to and
including May 11, 2007, (filing date of First Amended Petition) Defendants Mr. Parmar,
Linebarger, and Harris County sought to collect "penalties, interest, attorney's fees...and
abstractor's costs" in violation of SCRA § 561(d) & Texas Property Tax Code § 31.02(d).

    35.     Even though SCRA Defendants had received, prior to April 30, 2007, at least a
dozen different notices, written and via telephone, that I have been on active duty service since
January 18, 2003, and thus entitled to the rights, protections, and waivers of the SCRA, the

SCRA Defendants constantly added to my accounts, billed, demanded, sought, and/or attempted to collect, and/or received, payments for "Penalty & Interest", "PENALTY & INTEREST", "33.07/33.08 Fees", "penalties, interest, attorney's fees", in violation of the SCRA § 561(d). Each and every payment demand made, in paragraphs 34 A - I above, and each and every amount added and/or billed, for "Penalty & Interest", "PENALTY & INTEREST", "33.07/33.08 Fees", "penalties, interest, attorney's fees", and/or "abstractor's costs [and/or fees]" is an individual and separate violation of the Servicemembers Civil Relief Act, 50 U. S. C. App. § 561(d).

## V. VIOLATIONS OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

36.    I incorporate herein by reference in their entirety paragraphs 33 – 35 above. SCRA Defendants willfully, maliciously, and with complete disregard for the waivers, immunities, rights and protections afforded to me under the SCRA and the Texas Property Tax Code, violated my civil rights and the Civil Rights Act.

37.    The Servicemembers Civil Relief Act ("SCRA"), 50 U. S. C.App. § 561(d), affords me the right, privilege, and immunity that "*An additional penalty or interest shall not be incurred by reason of nonpayment*". Despite the fact that the SCRA defendants had knowledge, and numerous notices (See paragraph 33 A – K above), of my active duty military service, the SCRA Defendants made numerous attempts to collect, threatened lawsuits and property lien foreclosures for, and demanded and received, payment of penalties, interest, and various other fees which are strictly prohibited by the SCRA, thus violating my civil rights. Each instance and each violation of my rights, privileges, protections, and immunities under the Servicemembers Civil Relief Act ("SCRA"), 50 U. S. C.App. § 561(d), is also a separate violation of my civil rights and the Civil Rights Act 42 U.S.C. § 1983.

38.     The Texas Property Tax Code § 31.02(d) affords me the right, privilege, and immunity of not being sued for delinquent ad valorem taxes as the law mandates that *"If the notice is timely given, a taxing unit in the county may not bring suit for delinquent taxes for the tax year in which the notice is given"*.  The SCRA Defendants had numerous notices of my military service, and rights, protections, and waivers under SCRA § 561(d) and the Texas Property Tax Code  (Paragraphs 33 A – K above), yet they filed suit for delinquent taxes for tax years 2004-2006, thus violating the Tax Code § 31.02(d), and each violation of my rights, privileges, and immunities under the Tax Code is also a separate violation of my civil rights and the Civil Rights Act 42 U.S.C. § 1983.

## VI. VIOLATIONS OF FEDERAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO") 18 U.S.C. §1961 et seq.

39.     I incorporate in their entirety herein by reference each and every claim made in para all preceding paragraphs.

40.     Linebarger Defendants, in complete disregard of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 561(d), and the Texas Property Tax Code § 31.02(d), verbal and written notices provided by me (See paragraph 33 A – K above), on multiple occasions, during the period of May 31, 2003 – May 31, 2007, under false, fraudulent pretenses and representations, and without authorization of law, sent or caused to be delivered by the U.S. Postal Service, correspondence, or matter, that intended to obtain payment(s), and or money, for penalties, interests, attorneys' fees, and other costs or fees wrongfully, and unlawfully, assessed against my property tax accounts (see Exhibits 2 & 3 and Paragraph 34 A – I, above). Furthermore, Linebarger Defendants knew, or should have known, that the penalties, interests, attorneys' fees, and other costs or fees claimed were unlawful, and in violation of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 561(d) and/or Texas Property Tax Code §

31.02(d). Additionally, the correspondence, or matter, made the explicit and implicit threats of litigation and liens against real property owned by me and were meant to harass, intimidate, and coerce me and Countrywide Home Loans into paying delinquent taxes, penalty, interest, and various fees that the SCRA defendants knew, or should have known were illegal, improper, and not permissible pursuant to SCRA § 561(d) and Texas Property Tax Code § 31.02(d).

41.     These actions, or scheme, are prohibited actions under 18 U.S.C. § 1341, Mail Fraud.   Linebarger Defendants' scheme violated the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §1961 et seq.   Pursuant to 18 U.S.C. § 1964(c), I complain of Linebarger Defendants' Mail Fraud and RICO violations;

42.     Additionally, upon information and belief, Linebarger Defendants, under false, fraudulent pretenses and representations, and without authorization of law, sent or caused to be delivered by the U.S. Postal Service, to Countrywide Home Loans, correspondence, or matter, that intended to obtain payment(s), and or money, for penalties, interests, attorneys' fees, and other costs or fees wrongfully, and unlawfully, assessed against my property tax accounts. Furthermore, Linebarger Defendants knew, or should have known, that the penalties, interests, attorneys' fees, and other costs or fees claimed were unlawful, and in violation of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 561(d) and/or Texas Property Tax Code § 31.02(d). Additionally, the correspondence, or matter, made the explicit and implicit threats of litigation and liens against real property owned by me. As a direct result and consequence, under duress and threat of suit and foreclosure, even though I have valid military waivers on file, Countrywide Home loans made payments of nearly $3,500 in penalties, attorneys' fees, and other costs or fees to Defendants Linebarger, and/or Harris County and CFISD.

43.     I sue for actual damages, statutory damages, and punitive damages for each and separate violation of 18 U.S.C. § 1341, Mail Fraud and the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §1961 et seq.

## VII. NEGLIGENCE & COMMON LAW NEGLIGENCE

44.     As a direct result of SCRA Defendants' malicious, willful, and negligent actions, causing Countrywide to pay penalties, interest, fees, injured me as I have suffered financial damages of $64,216.36 in additional credit costs, when Countrywide sought to recover the amounts paid to Defendants Linebarger and/or Harris County & CFISD, increased my monthly mortgage payment more than 150%, and reported a payment to the credit bureaus that caused my debt-to-income ratio to increase 200%.

45.     SCRA Defendants' negligent conduct in failing to make a reasonable effort to verify the accuracy of the alleged penalties, interests, and attorneys' fees claimed, despite my various, written and verbal, notices asserting my active duty military status and valid military waiver pursuant to Texas Property Tax Code § 31.02;

46.     SCRA Defendants' negligent conduct by acting unreasonably in failing to avoid such errors, without authorization of law, willfully, knowingly, and purposely, deprived me of my rights and protections afforded by, and in doing so violated each of, the following: the Servicemembers Civil Relief Act, 50 U.S.C. App. § 561(d), and the Civil Rights Act 42 U.S.C. § 1983;

47.     Negligence and common law negligence of SCRA Defendants for each instance in which Linebarger Defendants directed correspondence to me seeking payment of penalties, interests, and attorneys' fees Linebarger Defendants knowingly, willfully, and purposely

conspired with Defendant CFISD to deprive me, directly or indirectly, "the equal protection of the laws, or of equal privileges and immunities" entitled to me pursuant to each of the following: the Servicemembers Civil Relief Act, 50 U.S.C. App. § 561(d), and the Civil Rights Act 42 U.S.C. § 1983, U.S.C. § 1341. Each of these actions, and violations, are also individual violations of the Civil Rights Act 42 U.S.C. § 1983;

48.     Negligence and common law negligence of SCRA Defendants failing to maintain adequate oversight of records by acting unreasonably and failing to accurately report my valid military waivers, tax account status, and failing to supervise the conduct of its employees involved in each instance of 34 A - I above;

49.     Negligence and common law negligence of SCRA Defendants and Defendant CoreLogic tortuous interference in my business relationship in, wrongfully asserting a claim to, making demand of, and unlawfully colleting wrongfully and illegally assessed penalties and interests which Countrywide paid under threat of civil suit, and/or litigation, and/or lien against real property owned by me;

50.     Negligence and common law negligence of SCRA Defendants and breach of fiduciary duty, in wrongfully and unlawfully, assessing penalties and interests against my property tax account, and collecting, receiving, and processing payment(s) for same.  Each instance being a separate violation of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 561(d).  Additionally, the negligent conduct SCRA Defendants and Defendant CoreLogic tortuous interference in my business relationship with Countrywide Home Loans by falsely, maliciously, and willfully demanding payment of penalty, interest, and attorney fees that were assessed in violation of the SCRA and Texas Property Tax Code.

51.     Negligence and common law negligence of SCRA Defendants who had a duty to me to exercise reasonable care in determining whether my tax account was actually delinquent, to not claim that penalties, interest, and/or attorneys, or other, fees that had illegally been assessed and due, to not convey a threat of lawsuit to me and/or Countrywide, and to not demand payment for, nor collect, illegally assessed penalties, interest, and/or attorneys, or other, fees.

52.     Additionally, given my valid military waivers, and the rights to which I'm entitled , pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. App. § 561(d), Property Tax Code § 31.02 & 33.43(a)(5), and the Civil Rights Act 42 U.S.C. § 1983, Harris County Defendants and CFISD Defendants had a duty to correct the status of my accounts and notify Linebarger Defendants.   Instead of exercising such care, as may be customary and expected, SCRA Defendants wrongfully, unlawfully, and illegally assessed penalties, interest, and various fees, and  sought to collect the unlawfully assessed penalties, interest, attorneys' fees, other costs.

53.     The negligent actions of Linebarger Defendants,  Harris County Defendants and CFISD Defendants culminated in the illegal demand and collection of penalty, interest, and attorney fees from Countrywide Home Loans and the unlawful, and frivolous, filing of a tax suit. The tax suit claimed, and wrongfully sought to collect, illegally levied penalties and interest; actions which are gross violations of the Texas Property Tax Code, the Servicemembers Civil Relief Act, and the Civil Rights Act.   These actions were a breach of the duty Linebarger Defendants owed to me.

54.     Furthermore, the violations of my rights, pursuant Texas Property Tax Code § 31.02 & 33.43(a)(5), (10)-(11); the Servicemembers Civil Relief Act, 50 U.S.C. App. § 561(d); the Civil Rights Act, 42 U.S.C. § 1983 & 1985, were the proximate cause of false and malicious

information provided by SCRA Defendants and CoreLogic to Countrywide Home Loans causing various financial and emotional damages.

55.     SCRA Defendants and CoreLogic had a duty to me to exercise reasonable care to ensure that I actually owed the penalties, interests, and attorneys' fees claimed; to validate the delinquency status of my accounts, given the valid military waivers, and not to violate my rights, and protections, entitled to me, pursuant, but not limited to each of the following: Texas Property Tax Code § 31.02 & 33.43(a)(5), (10)-(11); the Servicemembers Civil Relief Act, 50 U.S.C. App. § 561(d);  the Civil Rights Act, 42 U.S.C. § 1983 & 1985; Mail Fraud, 18 U.S.C. § 1341; the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §1961 et seq; and  18 U.S.C. § 1964(c).

56.     SCRA Defendants and CoreLogic breached this duty by negligently failing to: verify the actual amounts owed by me; verify the validity of the "delinquency" status of my accounts; and failing to take notice that I had valid military waivers of penalty and interest on file.  I had provided written, and verbal, notifications on various occasions, to SCRA Defendants regarding my active duty military status and valid military waivers.   However, SCRA Defendants and CoreLogic did not adequately correct their files and negligently allowed information they knew, or should have known, to be false, and/or incorrect, to remain their file of my tax accounts.  Additionally, the SCRA Defendants and CoreLogic provided, to Countrywide Home Loans, the information knew, or should have known, to be false, and/or incorrect.

57.     These actions were the proximate cause of SCRA Defendants continuous collection resulting in the illegal assessment of penalty, interest, various fees, numerous correspondence threatening lawsuits and foreclosures and in the illegal demand and collection of penalty, interest, and attorney fees from Countrywide Home Loans and the unlawful, and

frivolous, filing of a tax suit.  SCRA Defendants and CoreLogic negligent actions, omissions, and collections' scheme, violated my rights and entitlements under the provisions Texas Property Tax Code § 31.02(d) & 33.43(a)(5), (10)-(11); the Servicemembers Civil Relief Act, 50 U.S.C. App. § 561(d);  the Civil Rights Act, 42 U.S.C. § 1983 & 1985.

### VIII. TORTOUS INTERFERENCE & DEFAMATION OF CHARACTER

58.    I incorporate herein by reference in their entirety each and every claim made in paragraphs 18 – 56.

59.    Upon information and belief Defendant CoreLogic communicated to Countrywide Home Loans, GMAC Mortgage, USAA Federal Savings Bank, Citimortgage, and Green Tree Lending Service information they knew, or should have known, to be false, and/or incorrect, on tax accounts.  Defendant CoreLogic negligently provided incorrect amounts due on my tax accounts which included illegally assessed penalties, interest, and/or attorneys, or other, fees. Furthermore, CoreLogic's actions tortuously interfered with my business relationships with mortgage companies in each, but not limited, to the following:

A.    Upon information and belief, CoreLogic communicated to Countrywide that the information provided by CoreLogic was correct and to disregard any statements I made as CoreLogic had the most accurate information.

B.    CoreLogic's actions tortuously interfered with my business relationship with Countrywide Home Loans, forced Countrywide Home Loans to pay the incorrect amounts confirmed by CoreLogic.  Said amounts included more than $3,000 in illegally assessed penalties, fees, and interest.

60.    Defendants Harris County, Linebarger, and CFISD tortuously interfered with my business relationship with Countrywide Home Loans in each of the following manner:

A.    Upon information and belief, Defendant Linebarger, sent written communications to Countrywide Home Loans and provided information it knew, or should have known, to be false, and/or incorrect, on tax accounts.   Defendant Linebarger negligently provided incorrect amounts due on my tax accounts which included illegally assessed penalties, interest, and/or attorneys, or other, fees.

B.    Upon information and belief, Defendants Harris County, Linebarger, and CFISD, communicated to Countrywide Home Loans demands for payment of illegally assessed penalties, interest, and/or attorneys, or other, fees and threatening legal action and foreclosure for failure to pay the same.   Said amounts included more than $3,000 in illegally assessed penalties, fees, and interest.

C.    Upon information and belief, Defendants Harris County, Linebarger, and CFISD, received from Countrywide Home Loans payments for illegally assessed penalties, interest, and/or attorneys, or other, fees.   Said amounts included more than $3,000 in illegally assessed penalties, fees, and interest.

D.    Upon information and belief, a representative from Countrywide spoke via telephone with representatives from Defendants Corelogic, Linebarger, CFISD, and/or Harris County, who confirmed that the penalties, interest, and fees added to my account were correct, were due, and if not paid, Linebarger would file suit and foreclose on the property. Consequently, on or about September 10, 2006, under duress of Linebarger's threat of lawsuit and lien foreclosure, Countrywide sent payments to Linebarger and/or CFISD & Harris County that included  $2535.78 in "penalty & interest & attorney fees" illegally added to my account by CFISD and over $900 in penalties, interest, and fees illegally added to my account by the Harris County.   Defendants', CoreLogic, Harris County, Linebarger, and CFISD,  actions tortuously

interfered with my business relationship with Countrywide Home Loans, forced Countrywide Home Loans to pay more than $3,000 in illegally assessed penalties, fees, and interest.

61.     SCRA Defendants and CoreLogic negligent, willful, and malicious actions, caused Countrywide to ignore my pleas and pay illegally assessed penalties, interest, and various fees, causing me financial and emotional injuries and damages of $64,216.36 in additional credit costs, when Countrywide sought to recover the amounts paid to Defendants Linebarger and/or Harris County & CFISD, increased my monthly mortgage payment, and reported a payment to the credit bureaus that caused my debt-to-income ratio to increase 200%.

## IX. FRAUD

62.     I incorporate herein by reference in their entirety each and every claim made in paragraphs 18 – 61.

63.     In addition to the RICO and Mail Fraud elements complained in paragraphs 39 - 43  above, SCRA Defendants actions were fraudulent as they sought and collected money to which they were not entitled to.  SCRA Defendants knew that the amounts sought, demanded, billed, and collected for penalty, interest, and various fees were prohibited by SCRA § 561(d). Mr. Parmar, Harris County Defendants, and other Linebarger Defendants went as far as filing a frivolous tax suit as part of their fraudulent actions to collect illegal amounts from me.

64.     SCRA Defendants' fraudulent actions were for the sole purpose to harass, intimidate, and coerce me and Countrywide Home Loans into paying penalty, interest, and various fees that the SCRA defendants knew, or should have known were illegal, improper, and not permissible pursuant to SCRA § 561(d) and Texas Property Tax Code § 31.02(d).

## X. RELIEF SOUGHT

65.     **DECLARATORY RELIEF** – I seek the following Declaratory relief:

A.      A Declaration that the Mr. Parmar, remainder of Linebarger Defendants, and the Harris County Defendants violated my civil rights, and the Civil Rights Act 42 U.S.C. § 1983, on April 30, 2007, and May 11, 2007, when the Linebarger Defendants and the Harris County Defendants brought a suit for delinquent taxes for tax years 2004-2006, in violation of the Texas Property Tax Code § 31.02(d);

B.      A Declaration that the SCRA defendants violated the Servicemembers Civil Relief Act, 50 U. S. C. App. § 561(d) for each and every demand, assessment, request, bill, or levy made for payment of "Penalty & Interest", "PENALTY & INTEREST", "33.07/33.08 Fees", "penalties, interest, attorney's fees", and/or "abstractor's costs [and/or fees]".

C.      A Declaration that the SCRA Defendants violated the Servicemembers Civil Relief Act, 50 U. S. C. App. § 561(d) each time they sought, and each time they received, under threat of lawsuit and foreclosure, payments for "penalty & interest & attorney fees", of "Penalty & Interest", "PENALTY & INTEREST", "33.07/33.08 Fees", "penalties, interest, attorney's fees", and/or "abstractor's costs [and/or fees]";

D.      A Declaration that the SCRA Defendants violated my civil rights, and the Civil Rights Act 42 U.S.C. § 1983, each and every instance and each violation of the Servicemembers Civil Relief Act, 50 U. S. C. App. § 561(d);

E.      A Declaration that the filing of the tax suit on April 30, 2007 and May 11, 2007, was beyond the statutory authority of the Linebarger Defendants and the Harris County Defendants.

F.      A Declaration that the Linebarger Defendants and the Harris County Defendants violated the Texas Property Tax Code § 31.02(d) when on April 30, 2007, and May

11, 2007, the Linebarger Defendants and the Harris County Defendants brought a suit for delinquent taxes for tax years 2004-2006.

G.    A Declaration that SCRA Defendants and CoreLogic defamed my character.

66.    **INJUCTIVE RELIEF** – I bring these actions to remedy SCRA Defendants' past violations of the and the Servicemembers Civil Relief Act, 50 U.S.C. App. § 561(d) and the Civil Rights Act, 42 U.S.C. § 1983, and I have no adequate remedy of law to prohibit future violations by SCRA Defendants. I respectfully asks for the following injunctive relief:

A.    That the Court issue an order to prohibit, block, and or prevent, Linebarger Defendants from engaging in collection practices, on behalf of taxing units or authorities, that include filing civil litigation, and/or tax suits, until such a time that an independent auditor, assigned by the Court and taxed to Linebarger, certifies to the Court that Linebarger's Columbia Ultimate Business Systems (CUBS) software system and Linebarger's Appraisal & Collection Technologies ("ACT") software can correctly, and accurately, code tax accounts as "military deferment", that the softwares' codes and architectures comply and provides for the classification of tax accounts in military deferment and the any calculation of penalty, interest, fees, and/or costs comply with the provisions of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 561(d), Texas Property Tax Code § 31.02, and each of the other 49 states' tax codes' provision regarding military personnel.

B.    That the Court issue an order to prohibit, block, and or prevent, Linebarger Defendants from sending, causing to be sent by U.S. Mail, or delivering any written matter, correspondence, notice, or similar document that includes any of the following words, or word combinations and/or phrases: "Delinquent Tax Warning", "URGENT CANDIDATE FOR

LAWSUIT", "property has been targeted for lawsuit and is now subject to lien foreclosure", "ENFORCEMENT OF TAX LIEN", "account is being considered for a lawsuit", "Delinquent Tax Statement", foreclosure proceedings", "required to pay all related costs, including attorney's fees". That the order be valid and enforced until such a time that an independent auditor, assigned by the Court and taxed to Linebarger, certifies to the Court that Linebarger's Columbia Ultimate Business Systems (CUBS) software system and Linebarger's Appraisal & Collection Technologies ("ACT") software can correctly, and accurately, code tax accounts as "military deferment", that the softwares' codes and architectures comply and provides for the classification of tax accounts in military deferment and the any calculation of penalty, interest, fees, and/or costs comply with the provisions of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 561(d), Texas Property Tax Code § 31.02, and each of the other 49 states' tax codes' provision regarding military personnel.

C.      That the Court issue an order to prohibit, block, and or prevent, Harris County Defendants and CFISD Defendants from employing, contracting, allowing, permitting, and/or consenting to Linebarger Defendants collection, and/or legal, services, and/or actions, and/or participation, and/or communications regarding delinquent ad valorem taxes, and any other related interest, penalty, and fees, until such a time that an independent auditor, assigned by the Court and taxed to Linebarger, certifies to the Court that Linebarger's Columbia Ultimate Business Systems (CUBS) software system and Linebarger's Appraisal & Collection Technologies ("ACT") software can correctly, and accurately, code tax accounts as "military deferment", that the softwares' codes and architectures comply and provides for the classification of tax accounts in military deferment and the any calculation of penalty, interest, fees, and/or costs comply with the provisions of the Servicemembers Civil Relief Act, 50 U.S.C.

App. § 561(d), Texas Property Tax Code § 31.02, and each of the other 49 states' tax codes' provision regarding military personnel.

67.   **DAMAGES** - As a result of all the incidents described in the foregoing action, and those to be orally plead at time of trial, I have suffered several damages and expenses directly and indirectly associated with consequences brought forth by SCRA Defendants' and CoreLogic's negligence and actions.  I seek actual, treble, exemplary, and punitive damages for SCRA Defendants and CoreLogic negligence and actions to include violations of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 561(d);  the Civil Rights Act, 42 U.S.C. § 1983 & 1985; and as allowed per 18 U.S.C. § 1964(c) for violations of Mail Fraud, 18 U.S.C. § 1341 and the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §1961 et seq., as follows:

A.   Actual damages in the amount of $64,216.36 in additional credit costs incurred;

B.   damages of $25,000, for loss of credit and loss of credit opportunity, from each of the following defendants: Linebarger, John Doe 1 – 15, Harris County, CFISD, Ms. Hand, and CoreLogic;

C.   Damages of $25,000, for tortuous interference, from each of the following defendants: Linebarger, John Doe 1 – 15, Ms. Hand, CFISD, and CoreLogic;

D.   Punitive damages sufficient to punish SCRA Defendants and serve as an example and deterrent to others that might be tempted to engage in such egregious conduct which constituted violations of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 561(d).  I seek punitive damages within the jurisdictional limit of the Court, for violations of the

Servicemembers Civil Relief Act, 50 U.S.C. App. § 561(d) from each of the following defendants in the following manner:

      (1)    Linebarger: 3.5% of gross earnings for calendar years 2003-2007;

      (2)    Mr. Parmar: $100,000;

      (3)    Remainder of SCRA defendants: $25,000 each;

      E.    Punitive damages sufficient to punish SCRA Defendants and serve as an example and deterrent to others that might be tempted to engage in such egregious conduct which constituted violations of the Civil Rights Act, 42 U.S.C. § 1983 & 1985. I seek punitive damages within the jurisdictional limit of the Court, for violations of the Civil Rights Act, 42 U.S.C. § 1983 & 1985 from each of the following defendants in the following manner:

      (1)    Linebarger: 2.5% of net worth;

      (2)    Mr. Parmar: $250,000;

      (3)    Ms. Hand: $100,000;

      (4)    Remainder of SCRA defendants: $25,000 each.

      F.    Punitive damages sufficient to punish Linebarger Defendants and serve as an example and deterrent to others that might be tempted to engage in such egregious conduct which constituted violations of the Mail Fraud, 18 U.S.C. § 1341 and the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §1961 et seq. I seek punitive damages within the jurisdictional limit of the Court, and over $75,000, as allowed per 18 U.S.C. § 1964(c) for violations of Mail Fraud, 18 U.S.C. § 1341 and the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §1961 et seq;

      G.    Punitive damages, for fraud in the following manner:

      (1)    Linebarger: 1.5% of net worth;

      (2)    Mr. Parmar: $150,000;

      (3)    Remainder of SCRA defendants: $10,000 each;

      H.    Damages of $50,000, each from Defendants Linebarger, Harris County, CFISD, and CoreLogic for Defamation of my character;

**Iraheta v. Linebarger/Original_Complaint**      

I.      Emotional damages in the amount of $25,000.00, from each SCRA defendant and CoreLogic, per each incident of common law negligence, fraud, and violation of the following: the Servicemembers Civil Relief Act, 50 U.S.C. App. § 561(d); the Civil Rights Act, 42 U.S.C. § 1983 & 1985; and as allowed per 18 U.S.C. § 1964(c) for violations of Mail Fraud, 18 U.S.C. § 1341 and the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §1961 et seq;

J.      Costs of suit and Court, and Attorneys' fees;

K.      Pre-judgment and post judgment interest as provided by law.

## XI. Jury Demand

68.     I respectfully requests a trial by Jury on all causes of action.

## XII. Prayer

69.     I pray that the Honorable Court, upon conclusion of trial, enters judgment against all Defendants, and further pray that:

A.      the Court grant the Declaratory Relief sought and the Court issue the Declarations as requested on paragraph 65 A. – G., above;

B.      the Court grant the Injunctive Relief sought and the Court issue the Injunctions as requested on paragraph 66 A. – 65 C., above;

C.      the I recover damages claimed above in Paragraphs 67 A. – K., above; and

D.      for such other and further relief, special or general, at law or in equity, to which I may be entitled.

Respectfully submitted,

JOSE D. IRAHETA
904 Russell Parkway
Unit 8228
Warner Robins, Georgia 31095
Telephone: (832) 541-3122
Facsimile: (832) 201-0355
E-mail: irahetaj@gmail.com

**PLAINTIFF,** *PRO SE*