IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOSE IRAHETA, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | No. 5:14-cv-413 (CAR) |
| LINEBARGER GOGGAN BLAIR & | : | |
| SAMPSON LLP; JOHN DOE 1&2 | : | |
| (unknown persons, Linebarger Goggan | : | |
| Blair & Sampson LLP's partners); | : | |
| JOHN DOE 3-9 (unknown persons, | : | |
| employees of Linebarger Goggan | : | |
| Blair & Sampson LLP); ROBERT | : | |
| CORTEZ; LEAH STOLAR; PANKAJ | : | |
| PARMER; HARRIS COUNTY, TEXAS; | : | |
| JOHN DOE 10-13 (unknown persons, | : | |
| employees of Harris County Tax Office | : | |
| and/or Harris County); CYPRESS- | : | |
| FAIRBANKS INDEPENDENT | : | |
| SCHOOL DISTRICT; ELISA HAND; | : | |
| JOHN DOE 14-15 (unknown persons, | : | |
| Employees of Cypress-Fairbanks | : | |
| Independent School District); and | : | |
| CORELOGIC INC., f/k/a FIRST | : | |
| AMERICAN REAL ESTATE TAX | : | |
| SERVICE LLC, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS

Plaintiff Jose Iraheta, proceeding *pro se*, filed this lawsuit against several tax-collecting authorities in the State of Texas and their agents seeking damages and declaratory and injunctive relief for their alleged unlawful attempt to collect property taxes on Plaintiff's property in Texas. Before the Court are two Motions to Dismiss filed by Defendants. After carefully considering the parties' Motions, the relevant law, and their responses and replies thereto, this Court finds it lacks personal jurisdiction over all Defendants, and therefore Plaintiff's Complaint must be **DISMISSED**. Defendants' Motions to Dismiss [Docs. 2 and 9] are **GRANTED**.

## BACKGROUND

Accepting all of Plaintiff's factual allegations as true and construing all reasonable inferences in his favor, the facts are as follows:

**The Parties**

Plaintiff has named the following Defendants in this action: Harris County, Texas and several unknown employees of the Harris County Tax Office (the "Harris County Defendants"); Cypress-Fairbanks Independent School District and Elisa Hand, the tax assessor for the school district (the "CFISD Defendants") (collectively, the "Texas Taxing Entities"); Linebarger, Goggan, Blair & Sampson, LLP, a law firm

2

engaged by the Taxing Entities to collect the delinquent taxes (the "Linebarger Firm" or the "Firm"); several unknown employees of the Linebarger firm and three named partners of the firm – Robert Cortez, Leah Stoler, and Pankaj Parmar (the "Individual Linebarger Defendants") (collectively, the "Linebarger Defendants"); and finally, CoreLogic Inc., f/k/a First American Real Estate Tax Service, LLC, an entity that provides tax-reporting services to mortgage lenders and servicers ("CoreLogic").[1]

Defendant Harris County and CFISD are governmental units existing under the laws of the State of Texas, and the unknown employees of the Harris County Tax Office, as well as Elisa Hand, are all Texas residents. The Linebarger Firm is a law firm registered as a limited liability partnership in Texas and as a foreign limited liability partnership in Georgia.  The Taxing Entities hired the Firm to assist in collecting delinquent ad valorem taxes in Texas. The Linebarger Firm also engages in collection activities in Georgia: it has a contract with Fulton County to collect various receivables owed to the County, and has engaged as a subcontractor of Judicial Correction Services to collect certain delinquent probation fees on behalf of the Recorders Court

---

[1] CoreLogic, Inc. states that Plaintiff actually intended to name CoreLogic Tax Services, LLC instead of Corelogic, Inc., showing that CoreLogic Tax Services, LLC is the entity formerly known as First American Real Estate Tax Service LLC and, unlike CoreLogic, Inc., is an entity which provides property tax reporting services to mortgage lenders and servicers. Plaintiff, however, continues to pursue CoreLogic, Inc., not CoreLogic Tax Services, LLC, as the correct defendant.

of DeKalb County.  The Firm does not maintain a physical office in Georgia. The Individual Linebarger Defendants—Pankaj Parmar, Leah Stolar, and Robert Cortez—are all Texas residents. Parmar and Stolar are partners in the Linebarger Firm and are both licensed attorneys in the State of Texas; Cortez is employed as a paralegal manager in the Firm's Houston, Texas office. The unknown employees of the Firm are also believed to be Texas residents. Finally, CoreLogic is a Delaware corporation with a principal place of business in Irvine, California. CoreLogic has never been incorporated in Georgia, had a principal place of business in Georgia, been registered to do business in Georgia, maintained an office in Georgia, nor designated a registered agent to accept service of process in Georgia.

Plaintiff is a member of the United States Armed Forces and has been on continuous active duty service since January 18, 2003.  He is currently stationed at Robins Air Force Base in Warner Robins, Georgia.  Plaintiff owns certain real property in Texas.

**Property Tax Collecting Activities**

The activities forming the basis of Plaintiff's Complaint began in 2004. In January 2004, the Texas Taxing Entities and the Linebarger Firm, on behalf of the Taxing Entities, began sending notices to Plaintiff demanding payment of delinquent

property taxes owed on Plaintiff's Texas property. In response, Plaintiff notified the Texas Taxing Entities many times that he was an active-duty service member and thus entitled to a waiver of the delinquent ad valorem taxes he owed on his Texas property pursuant to the Servicemembers Civil Relief Act ("SCRA") and the Texas Property Tax Code.[2]  For the next two years, despite knowledge of Plaintiff's active military duty and request for a waiver under the SCRA, the Linebarger Firm, on behalf of the Taxing Entities, continued to send Plaintiff multiple delinquent tax warnings and warnings that his property was targeted for lawsuit and subject to lien foreclosure. Plaintiff received these notices while residing in Warner Robins, Georgia.

In 2006, the Taxing Entities, the Linebarger Firm, and CoreLogic spoke with representatives from Countrywide Home Mortgage ("Countrywide"), Plaintiff's mortgage company, and confirmed that the penalties, interest, and fees assessed on Plaintiff's mortgage account were correct and if not paid would result in foreclosure. Thus, on September 10, 2006, Countrywide sent payments to the Taxing Entities which resulted in penalties and fees added to Plaintiff's mortgage balance.[3]

---

[2] Compl., para. 19-21.

[3] It appears from documents in the record that on November 29, 2006, Countrywide received notice that the penalties and fees were incorrectly added to Plaintiff's account and were being refunded.

**The Texas Court Action**

On April 30, 2007, the Linebarger Firm, on behalf of the Taxing Entities[4], filed a lawsuit in Harris County, Texas against Plaintiff to recover the delinquent property taxes (the "Texas Court Action"). Plaintiff answered the Texas Court Action and asserted counterclaims against the Texas Court plaintiffs and a "cross-action" against the Linebarger Firm. Specifically, Plaintiff asserted claims for violations of the SCRA, 50 U.S.C. App. §§ 501(d); the Texas Property Tax Code, §§ 31.02 & 33.43(a)(5); the Civil Rights Act, 42 U.S.C. § 1983; tortious interference with a business relationship, and negligence. In addition, Plaintiff also asserted claims against the Firm for mail fraud pursuant to 18 U.S.C. §§ 1341; violation of the Federal Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. §1961 et seq. (RICO); and violation of his civil rights under 42 U.S.C. § 1985. Plaintiff requested monetary and declaratory relief.

On May 25, 2007, less than 30 days after filing suit, the Linebarger Firm, on behalf of the Texas Court plaintiffs, dismissed the Texas plaintiffs' claims for delinquent property taxes against Plaintiff, recognizing his military deferral. In

---

[4] Specifically, the plaintiffs in the Texas lawsuit are Harris County, on behalf of itself and the following county-wide taxing authorities, the Harris County Education Department, the Port of Houston Authority of Harris County, the Harris County Flood Control District, the Harris County Hospital District (hereinafter Harris County); City of Houston; Houston Independent School District and Houston Community College System.

6

addition, the Texas Court plaintiffs filed answers to Plaintiff's counterclaims and a plea to jurisdiction seeking dismissal of the counterclaims based on their governmental immunity and derivative governmental immunity under Texas law. Due to Plaintiff's military duties and assignments outside of the United States, the Texas Court issued a series of orders staying or abating the case.  On April 8, 2014, the Texas Court reactivated the case, and it currently remains pending in Harris County.

**Plaintiff's Allegations**

On November 28, 2014, Plaintiff filed suit in this Court, alleging nearly identical claims he alleges against the Texas Taxing Entities and the Linebarger Defendants in the Texas Court Action.  Specifically, Plaintiff alleges the Texas Taxing Entities and the Linebarger Defendants improperly sought to collect various penalties, fees, and interest amounts and filed the Texas Court Action in violation of the SCRA and the Texas Property Code. As in the Texas Court Action, he asserts claims against the Texas Taxing Entities and the Linebarger Defendants for violation of the SCRA; 42 U.S.C. § 1983; RICO, 18 U.S.C. § 1961 *et seq.*; and state law for negligence, tortious interference with a business relationship, defamation, and fraud. Plaintiff asserts claims against CoreLogic for negligence, tortious interference with a business relationship, and

7

defamation for confirming the penalties, interest, and fees on Plaintiff's Countrywide mortgage account which resulted in penalties and fees added to Plaintiff's account.

All Defendants now seek dismissal for lack of personal jurisdiction and failure to state a claim upon which relief may be granted. Alternatively, the Texas Taxing Entities and Linebarger Defendants request this Court abstain from the case due to the pendency of Plaintiff's claims against them in the Texas Court Action. Because the Court finds it lacks personal jurisdiction over all Defendants, it will not address Defendants' alternative arguments for dismissal.

## DISCUSSION

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."[5] "Where, as here, the defendant[s] challenge[] jurisdiction by submitting affidavit evidence in support of [their] position[s], the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction."[6] "Where the plaintiff's complaint and supporting evidence conflict with

---

[5] *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010).

[6] *Id.* (internal quotation marks and citations omitted).

the defendants['] affidavits, the court must construe all reasonable inferences in favor of the plaintiff."[7]

In analyzing a dismissal for lack of personal jurisdiction, the Court "first determine[s] whether the applicable statute potentially confers jurisdiction over the defendant."[8] Jurisdiction over a non-resident defendant may be based upon a federal statute or a state long-arm statute.  If jurisdiction exists under a federal statute or state long-arm statute, the Court "then determine[s] whether the exercise of jurisdiction comports with due process."[9]

Here, Plaintiff asserts both state and federal claims, including claims under the following federal statutes—RICO, SCRA, § 1983, and § 1985. The RICO statute provides for nationwide service of process, and thus provides a potential statutory basis for personal jurisdiction.[10] The other statutes, however, do not have a nationwide service-of-process provision, so the Court must look to the state's long-arm statute as a

---

[7] *Id.* (citation omitted).
[8] *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,* 119 F.3d 935, 942 (11th Cir. 1997).
[9] *Id.*
[10] *Id.; see* 18 U.S.C. § 1965(d).

basis for exercising personal jurisdiction.[11] Thus, the jurisdictional analysis for these claims differs, and the Court addresses the RICO claims first.

### I.  Personal Jurisdiction under RICO

Plaintiff asserts civil RICO claims against the Linebarger Defendants, and thus the potential reach of RICO's jurisdiction is applicable only to them.

Plaintiff may take advantage of RICO's nationwide service of process provision only if the "asserted federal claim is not wholly immaterial or insubstantial."[12] Thus, if a plaintiff has stated a "colorable RICO claim," personal jurisdiction can arise under RICO.[13] If a plaintiff has not stated a colorable RICO claim, as in this case, the Court need not address the applicable due process requirements for personal jurisdiction.

Plaintiff asserts that on multiple occasions between May 31, 2003, and May 31, 2007, the Linebarger Defendants used the United States Postal Service to communicate threats of litigation and foreclosure meant to harass and coerce him into paying delinquent taxes the Harris County Defendants knew were unlawfully assessed against his property tax accounts, in violation of the SCRA and the Texas Property Tax

---

[11] *See Delong Equip. Co. v. Washington Mills Abrasive Co.,* 840 F.2d 843, 847-48 (11th Cir. 1988).
[12] *Republic of Panama,* 119 F.3d at 942.
[13] *Id.*

Code. As a result, Plaintiff claims Countrywide paid nearly $3,500 of Plaintiff's money to the Harris County Defendants. Plaintiff asserts that this scheme constituted Mail Fraud in violation of 18 U.S.C. § 1341 and violated the federal civil RICO statute.

The federal civil RICO provision "permits any person injured in his business or property by reasons of a violation of RICO's criminal provisions to recover treble damages and attorney's fees."[14] To establish a RICO violation, a plaintiff must prove four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."[15] In addition, a plaintiff in a civil RICO action must satisfy the requirements of § 1964(c), including a showing of an injury to business or property and that such injury was by reason of the substantive RICO violation.[16] Because Plaintiff is proceeding *pro se*, the Court must afford him wide latitude when construing his pleadings and papers.[17]  Even so, a *pro se* litigant is not exempt from complying with

---

[14] *McCaleb v. A.O. Smith corp.*, 200 F.3d 747, 751 (11th Cir. 2000) (internal quotation marks and citations omitted); *see* 18 U.S.C. § 1964(c).

[15] *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1282 (11th Cir. 2006) (quotation marks omitted); *see*  18 U.S.C. § 1962.

[16] *Id.*, 18 U.S.C. § 1964(c).

[17] *See SEC v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

relevant rules of procedural and substantive law.[18]  Nor does this latitude given to *pro se* litigants require the Court to re-write a deficient complaint.[19]

Plaintiff wholly fails to allege a colorable RICO claim against the Linebarger Defendants.  First, Plaintiff fails to plead facts sufficient to prove the existence of an enterprise. An enterprise requires proof of "an *ongoing* organization, formal or informal, and . . . evidence that the various associates function as a *continuing* unit."[20] Even assuming the Linebarger Defendants mailed correspondence it knew to be unlawful, they sent the correspondence for the discrete goal of obtaining payment for unpaid property taxes.  Thus, it is only one scheme used to accomplish a singular goal and not the work of an "ongoing organization . . . function[ing] as a continuing unit."[21]

Moreover, Plaintiff has failed to plead any pattern of racketeering activity.  "To successfully allege a pattern of racketeering activity, plaintiffs must charge that: (1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated

---

[18] *See Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999).
[19] *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993) (noting lack of any reference in complaint to actual injury and inherent vagueness in pleading terms like "due process" without further elaboration).
[20] *Mohawk Indus.*, 465 F.3d at 1284 (emphasis added).
[21] *Id.*

12

criminal conduct of a continuing nature."[22]  First and foremost, Plaintiff fails to allege the Linebarger defendants committed two or more predicate acts. Where the alleged predicate acts are mail fraud, as in this case, the acts must be pled with particularity in accordance with Federal Rule of Civil Procedure 9(b) and set forth the time, place, and person responsible for each act.[23] Plaintiff's conclusory allegations that the Linebarger Defendants are engaging in a scheme of mail fraud are wholly insufficient.

Plaintiff also fails to meet the continuity requirement. A plaintiff who simply alleges isolated or sporadic predicate acts of criminal conduct will not meet the requirement that the criminal activity be continuous.[24] "[W]here the RICO allegations concern only a single scheme with a discrete goal, the courts have refused to find a closed-ended pattern of racketeering even when the scheme took place over longer periods of time."[25] As set forth above, Plaintiff alleges only a single scheme with the discrete goal of unlawfully recovering Plaintiff's delinquent property taxes. Because Plaintiff fails to assert a "colorable" RICO claim, he may not rely on the RICO statute

---

[22] *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1264 (11th Cir. 2004) (citations omitted).
[23] *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-82 (11th Cir. 1997).
[24] *Id.*
[25] *Id.* at 1267.

for potential personal jurisdiction over the Linebarger Defendants, and this Court need not address the due process concerns.[26]

## II. <u>Jurisdiction under Georgia's Long-arm Statute</u>

Because the remainder of Plaintiff's claims are based on state law and federal statutes that are silent as to service of process, personal jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment.[27]  In Georgia, these inquiries require separate analysis because the long-arm statute imposes obligations independent of procedural due process requirements.[28] Thus, jurisdiction that might appear to be authorized by statute may be negated by due process concerns and vice versa.[29]

Here, Plaintiff relies on subsections (1), (2), and (3) of the Georgia long-arm statute:

> A court of this state may exercise personal jurisdiction over any nonresident or his or her executor or administrator, as to a cause of

---

[26] Plaintiff requests that he be allowed to amend his Complaint to allege sufficient facts to establish a valid RICO claim. Any amendments, however, would be futile.  Plaintiff's entire cause of action revolves around the Linebarger Defendants' single "scheme" to collect unlawful property taxes on Plaintiff's Texas property, and thus cannot form the basis of a valid RICO claim.

[27] *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1317 (11th Cir. 2006).

[28] *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010).

[29] *Id.* at 1261.

action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:

(1) Transacts any business within this state;

(2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;

(3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state[.][30]

Federal courts must interpret Georgia's long-arm statute literally.[31]

In addition to satisfying the long-arm statute, personal jurisdiction must also adhere to the Due Process Clause of the Fourteenth Amendment. "The Due Process Clause protects an individual's liberty interest not being subject to binding judgments of a forum with which he has established no meaningful contacts, ties, or relations."[32] "The heart of this protection is fair warning—the Due Process Clause requires 'that the defendant's conduct and connection with the forum State [be] such that he should reasonably anticipate being haled into court there.'"[33] Thus, "states may exercise

---

[30] O.C.G.A. § 9-10-91.

[31] *Diamond Crystal*, 593 F.3d at 1264.

[32] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985).

[33] *Diamond Crystal*, 593 F.3d at 1267 (quoting *Burger King*, 471 U.S. at 474).

jurisdiction over only those who have established 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[34]

### A. "Transacts any Business in this State"

Plaintiff argues the Court has jurisdiction over all Defendants under subsection (1). Although the "transacts any business" prong does not require the commission of a tort, it "is limited by due process concerns."[35] Jurisdiction under subsection (1) "grants Georgia courts the unlimited authority to exercise personal jurisdiction over a nonresident who transacts any business in this State" and confers jurisdiction to the maximum degree allowed by procedural due process.[36] Importantly, transacting business does not require physical presence in Georgia.[37] Thus, courts must consider both a nonresident's tangible and intangible conduct, such as "mail, telephone calls, and other 'intangible' acts"—even if they occurred outside of Georgia—to determine

---

[34] *Id.* (quoting *Helicopteros*, 466 U.S. at 414).

[35] *Amerireach.com, LLC v. Walker*, 290 Ga. 261, 269 (2011).

[36] *Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames*, 279 Ga. 672, 675 (2005).

[37] *Diamond Crystal*, 593 F.3d at 1264 (citing *Innovative Clinical*).

"whether it can fairly be said that the nonresident has transacted any business in Georgia."[38]

Georgia courts "have developed a three-part test to determine whether a defendant has transacted business in Georgia so as to subject itself to the personal jurisdiction of the State's courts."[39] Under this test, "[j]urisdiction exists on the basis of transacting business in this State (1) if the nonresident defendant has purposefully done some act or consummated some transaction in this State, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of the State does not offend traditional notions of fairness and substantial justice."[40] The Court considers "the first two factors to determine whether a defendant has established the minimum contacts with the forum state necessary for the exercise of jurisdiction. If such minimum contacts are found, we move to the third prong of the test to consider whether the exercise of jurisdiction is

---

[38] *Id.*; *see also Lima Delta Co. v. Global Aerospace, Inc.*, 325 Ga. App. 76 (2013) (jurisdiction may be "based on business conducted by the defendant or its agent through postal, telephonic, and Internet contacts.") (citation omitted).

[39] *Lima Delta*, 325 Ga. App. at 79-80.

[40] *Id.* at 79-80 (2013) (internal quotation and citation omitted).

reasonable—that is, to ensure that it does not result solely from random, fortuitous or attenuated contacts."[41]

### 1.  Harris County and the Linebarger Firm

Based on the current record, the Court finds both Harris County and the Linebarger Firm are subject to jurisdiction under the "transacts any business" prong of Georgia's long-arm statute; however, exercising such jurisdiction does not comport with the Due Process Clause of the Fourteenth Amendment, and thus Harris County and the Linebarger Firm are not subject to personal jurisdiction in this Court.

Plaintiff alleges that Harris County and the Linebarger Firm sent him multiple notices by mail demanding payment for delinquent ad valorem taxes. Reading Plaintiff's Complaint liberally, as this Court must due to his *pro se* status, Plaintiff alleges he received these notices in the mail while residing in Warner Robins, Georgia. Thus, Plaintiff's allegations sufficiently establish that Harris County and the Linebarger Firm purposefully engaged in debt collection efforts in Georgia. Moreover, this cause of action arises from those debt collection efforts. Finally, it appears the exercise of jurisdiction under these circumstances does not offend traditional notions

---

[41] *Id.* (citation omitted).

of fairness and substantial justice under Georgia law.[42] Accordingly, Plaintiff has alleged sufficient facts to subject Harris County and the Linebarger Firm to jurisdiction under subsection (1) of Georgia's long-arm statute.  Thus, the Court must address the due process concerns.

**(a) Due Process**

Determining whether personal jurisdiction comports with due process requires consideration of two factors: whether the defendant has established "minimum contacts" with Georgia, and whether the exercise of personal jurisdiction over the defendant "would offend traditional notions of fair play and substantial justice."[43] The "nature and quality" of minimum contacts needed differs depending on whether the plaintiff is asserting specific or general personal jurisdiction.[44] Specific jurisdiction addresses situations where the defendant's contacts with the state are associated with

---

[42] *See First Nat'l Bank of Ames, Iowa v. Innovative Clinical & Consulting Servs., LLC*, 280 Ga. App. 337 (2006) (nonresident bank attempting to collect debt through mail sufficient to confer jurisdiction within subsection (1)); *Belle Terrace Presbyterian Church v. CC Recovery*, No. CV 112-084, 2014 WL 317190 (S.D. Ga., Jan. 28, 2014) (subsection (1) satisfied where nonresident debt collector mailed demand letters to Georgia resident); *TRS & Assocs., Inc. v. Document Imaging Tech., Inc.*, No. 1:08-CV-3264-JOF, 2009 WL 2778256 (N.D. Ga., Aug. 25, 2009).

[43] *Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 786 F.2d 1055, 1057 (11th Cir. 1996) (citing *Intern'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)).

[44] *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000).

the cause of action.[45] General jurisdiction, on the other hand, can be exercised even where the contacts with the state are unrelated to the underlying claim, as long as those contacts are of a sufficient quality. Plaintiff contends the Court has specific jurisdiction over Harris County and both specific and general jurisdiction over the Linebarger Firm.

### (i)      Specific Jurisdiction

For specific jurisdiction, a plaintiff must show the defendant's contacts with Georgia are (1) related to the cause of action stated in his Complaint; (2) the defendant has purposefully availed itself of the privileges of the forum; and (3) the defendant's "conduct and connection with the forum State [is] such that [it] should reasonably anticipate being haled into court there."[46] In essence, the "availability of specific jurisdiction depends on the relationship among the defendant, the forum, and the litigation."[47]

In its analysis under subsection (1) of Georgia's long-arm statute above, the Court has already found Harris County and the Linebarger Firm's contacts with

---

[45] *Helicopteros*, 466 U.S. at 414 n. 8.

[46] *Diamond Crystal*, 593 F.3d at 1267 (quoting *Burger King*, 471 U.S. at 474).

[47] *Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 626 (11th Cir. 1994).

Georgia sufficiently satisfy prongs (1) and (2) of the due process minimum contacts analysis. Thus, this Court must now determine whether Harris County's and the Linebarger Firm's connections with Georgia are such that they should reasonably expect to be haled into court here. The Court finds they are not.

Neither Harris County nor the Linebarger Firm could reasonably expect to be haled into court in Georgia for contacting Plaintiff at his Georgia address to collect the ad valorem taxes owed on his Texas property, simply because Georgia is where Plaintiff resides. The constitutional "limits on [Georgia's] adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties"; thus, the connection to Georgia "must arise out of the contacts that the 'defendant himself' creates."[48] "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a *substantial connection* with the forum."[49]

Neither Harris County nor the Linebarger Firm have a substantial connection with Georgia based on their attempt to collect ad valorem taxes from Plaintiff on his

---

[48] *Walde v. Fiore,* __ U.S. __, 134 S.Ct. 1115, 1122 (2014).
[49] *Id* at 1121 (emphasis added).

Texas property. "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."[50] Here, the only connection between these Defendants and Georgia is their relationship with Plaintiff. "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State."[51] Harris County is a Texas governmental unit seeking to recover taxes on Texas property, and the Linebarger Firm is its agent. As an active member of the armed forces, Plaintiff could be stationed anywhere; the fact that he was stationed in Georgia while receiving these demand letters only results in Defendants' having the kind of random, attenuated contacts with Georgia that will not support specific jurisdiction under the Due Process Clause.

---

[50] *Id.* at 1122 (citing *Burger King*, 471 U.S. at 478).
[51] *Id.* at 1123 (internal quotation marks and citation omitted).

**(ii)     General Jurisdiction**

Plaintiff also contends the Linebarger Firm is subject to general jurisdiction based on its other collection activities in Georgia.  The Supreme Court has explained that a "court may assert general jurisdiction over foreign . . . corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State."[52]  In determining whether a defendant has "continuous and systematic" contacts with Georgia, the court looks to whether the defendant regularly does business in the state, derives substantial revenue from goods or services in the state, has agents or employees in the state, maintains an office in the state, and has subsidiaries or business affiliates in the state.[53]

Based on the current record, this Court will assume the Linebarger Firm is subject to general jurisdiction. Although the Firm does not have a physical location in Georgia, it is registered as a foreign limited liability partnership. Moreover, the Firm has a contract with Fulton County, Georgia to collect various receivables owed to the County, including traffic fines, fire safety inspections bills, fines for code violations

---

[52] *Id.* at 754 (internal quotation marks and citations omitted).
[53] *Brannies v. Internet ROI, Inc.*, 67 F. Supp. 3d 1365, 1368 (N.D. Ga. 2015) (citation omitted).

and water bills.  The Firm also has engaged as a subcontractor of Judicial Correction

Services to collect certain delinquent probation fees on behalf of the Recorders Courts

of DeKalb County.

However, even assuming the Linebarger Firm is subject to general jurisdiction

in Georgia does not help Plaintiff because any such jurisdiction would not comport

with "traditional notions of fair play and substantial justice" under the Due Process

Clause.  In making this determination, the Court must consider: (a) the burden on the

defendant, (b) the forum State's interest in adjudicating the dispute, (c) the plaintiff's

interest in obtaining convenient and effective relief, (d) the interstate justice system's

interest in obtaining the most efficient resolution of controversies, and (e) the shared

interest of the several States in furthering fundamental substantive social policies."[54]

The defendant has the burden to come forward with compelling evidence establishing

such.

The Linebarger Firm has met its burden. Everything about Plaintiff's case

happened in Texas, involving property in Texas and parties who all reside in Texas.

The Linebarger Firm has no physical presence in Georgia, and Georgia's interest in

---

[54] *Meier*, 288 F.3d at 1276.

adjudicating this dispute is minimal.  Indeed, the exact claims Plaintiff asserts against the Linebarger Firm here are currently before the Texas court, including the argument the Firm is protected by derivative governmental immunity under Texas law—an argument the Texas Court is most efficient in addressing.[55] Thus, the Court finds subjecting the Linebarger Firm to jurisdiction in Georgia inappropriate under the Due Process Clause.

### 2.   The Individual Linebarger Defendants, CFISD, and CoreLogic

Plaintiff makes absolutely no allegations that the remaining Defendants—the Individual Linebarger Defendants, the CFISD Defendants, and CoreLogic—have transacted any business in Georgia.  Plaintiff does not even allege that any of these Defendants contacted Plaintiff in Georgia regarding the delinquent property taxes. There is simply no indication in the Complaint that these Defendants have purposefully done some act or made some transaction in Georgia associated with Plaintiff's lawsuit. Indeed, these Defendants have filed affidavits stating otherwise.

---

[55] In fact, if this Court did have personal jurisdiction over the Linebarger Firm, it would abstain under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) due to the danger of a serious waste of judicial resources in adjudicating the same claims pending against the Linebarger Firm in the parallel Texas Court Action, including whether it is protected by derivative government immunity under Texas law.

The Court is unpersuaded by Plaintiff's bald assertion that CoreLogic is subject to Georgia's general jurisdiction because two of its subsidiaries have registered agents in Georgia and are CoreLogic's alter egos and/or agents. A foreign corporation is subject to Georgia's general jurisdiction if the corporation has sufficient minimum contacts with Georgia.[56] For a parent corporation to be subject to general jurisdiction based on its subsidiary's activities, the "parent's control over the subsidiary's activities [must be] so complete that the subsidiary is, in fact, merely a division or department of the parent."[57] On the other hand, where "a parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other. Generally, our cases demand proof of control by the parent over the internal business operations and affairs of the subsidiary in order to fuse the two for jurisdictional purposes. The degree of control exercised by the parent must be greater than that normally associated with common ownership and directorship."[58]

---

[56] *Sol Melia, SA v. Brown*, 301 Ga. App. 760, 766 (2009) (citing *Mitsubishi Motors Corp. v. Colemon*, 290 Ga. App. 86, 88-89 (2008)).

[57] *Id.* at 767; *see also Drumm Corp. v. Wright*, 326 Ga. App. 41, 45 (2014).

[58] *Drumm Corp.*, 3226 Ga. App. at 45 (citation omitted).

26

Plaintiff has not remotely alleged sufficient facts to support his alter-ego or agency argument.  Plaintiff has merely shown the existence of a parent-subsidiary relationship between CoreLogic and the two subsidiaries. Thus, CoreLogic is not subject to Georgia's general personal jurisdiction.

### B.   "Commits a Tortious Act in this State"

Plaintiff's contention that jurisdiction over Defendants is proper under the second prong of Georgia's long-arm statute because Defendants committed a tortious act in Georgia is also without merit.  A tortious act or omission occurs "either where the allegedly negligent act or omission was made . . . or where the damage was sustained[.]"[59] The "damage" from a tortious act is not "sustained in Georgia simply because the plaintiff . . . is a resident of Georgia . . . . A tort occurs when and where the actual injury or accident takes place, and not at the place of the economic consequences of that injury."[60] Clearly, the allegedly tortious act—improperly attempting to collect delinquent ad valorem taxes on Plaintiff's Texas property—

---

[59] *Gee v. Reingold*, 259 Ga. App. 894, 897 (2003) (internal quotation marks and citation omitted).
[60] *Id.* (quotation marks and citation omitted).

occurred in Texas. Thus, no Defendant is subject to jurisdiction under subsection (2) of Georgia's long-arm statute.

### C. "Commits a Tortious Injury in this State"

Finally, Plaintiff's contention that jurisdiction is proper under subsection (3) of Georgia's long-arm statute because he has suffered a tortious injury in Georgia is also without merit. Subsection (3) of the long-arm statute applies only if a defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state."[61] None of Plaintiff's allegations or arguments support that any Defendant regularly does or solicits business or engages in any other persistent course of conduct from services rendered in Georgia. Even if this Court assumes that the Linebarger Firm's collection activities for Fulton County and the Recorders Court for DeKalb County meet the "regular" or "persistent" conduct necessary to confer jurisdiction under subsection (3), as discussed above, any such jurisdiction would not comport with the Due Process Clause.

---

[61] O.C.G.A. § 9-10-91(3).

Because no personal jurisdiction exists over the Individual Linebarger Defendants, the CFISD Defendants, or CoreLogic under Georgia's long-arm statute, it is unnecessary to consider whether jurisdiction over these Defendants comports with the Due Process Clause of the Fourteenth Amendment.

## CONCLUSION

Based on the foregoing, the Court concludes it lacks personal jurisdiction over all Defendants, and therefore Plaintiff's Complaint must be **DISMISSED**. Defendants' Motions to Dismiss [Docs. 2 and 9] are **GRANTED**.

**SO ORDERED,** this 5th day of August, 2015.

> S/  C. Ashley Royal
> C. ASHLEY ROYAL
> UNITED STATES DISTRICT JUDGE

29